IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TONI REESE, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | |
| § No. 3:14-cv-1779-P-BN |
| § | |
| CAROLYN W. COLVIN, § | |
| Acting Commissioner of Social Security, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Toni Reese seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the hearing decision should be reversed.

**Background**

Plaintiff alleges that she is disabled as a result of a variety of ailments, including "severe left hand non healing injury," depression, high blood pressure, anxiety, and limited range of motion and strength of her dominant hand. *See* Administrative Record [Dkt. No. 10 ("Tr.")] at 157. After her application for disability benefits was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on August 13, 2012. *See id.* at 45-84. At the time of the hearing, Plaintiff was 46 years old. *See id.* at 38. She has an eleventh grade education and training as a certified nursing assistant, *see id.* at 158, and past work experience as a fast food worker and home health aide, *see*

*id.* at 38, 159. Plaintiff has not engaged in substantial gainful activity since August 12, 2011. *See id.* at 33.

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability benefits. Although the medical evidence established that Plaintiff suffered from left hand injury and hypertension, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. *See id.* at 33, 36. The ALJ further determined that Plaintiff had the residual functional capacity to perform a limited range of light work but could not return to her past relevant employment. *See id.* at 37-38. Relying on a vocational consultant's Sequential Vocational Guide, the ALJ found that Plaintiff was capable to perform representative occupations such as ticket distribution, flagger, and fruit distribution – jobs that exist in significant numbers in the national economy. *See id.* at 39. Given her age, education, and exertional capacity for light work, the ALJ determined that Plaintiff was not disabled under the Medical-Vocational Guidelines. *See id.*

Plaintiff appealed that decision to the Appeals Council. The Council affirmed.

Plaintiff then filed this action in federal district court. Plaintiff contends that the hearing decision is not supported by substantial evidence and results from reversible legal error. Plaintiff challenges the hearing decision on two general grounds: (1) substantial evidence does not support the finding that she can perform other work in the national economy, and (2) the failure to find a severe mental impairment is not supported by substantial evidence.

2

The undersigned concludes that the hearing decision should be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with these findings and conclusions.

**Legal Standards**

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits, a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. The hearing officer must make this determination using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.


*See* 20 C.F.R. § 404.1520(b)-(f); *Copeland*, 771 F.3d at 923 ("The Commissioner typically uses a sequential five-step process to determine whether a claimant is disabled within the meaning of the Social Security Act. The analysis is: First, the claimant must not be presently working. Second, a claimant must establish that he has an impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities. Third, to secure a finding of disability without consideration of age, education, and work experience, a claimant must establish that his impairment meets or equals an impairment in the appendix to the regulations. Fourth, a claimant must establish that his impairment prevents him from doing past relevant work. Finally, the burden shifts to the Secretary to establish that the claimant can perform the relevant work. If the Secretary meets this burden, the claimant must then prove that he cannot in fact perform the work suggested." (internal quotation marks omitted)); *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007) ("In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity.").

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant

can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show

6

that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

Among the arguments that Plaintiff makes is a single ground that compels remand – the ALJ improperly relied on the Medical Vocational Guidelines (the "Grid Rules").[1] Plaintiff argues that the ALJ's reliance on the Grid Rules was erroneous for two reasons: (1) the Grid Rules do not apply because she has non-exertional limitations, and (2) the ALJ's decision at step five was not supported by substantial evidence.

At the fifth step of the sequential evaluation process, the ALJ considers the plaintiff's age in combination with her residual functional capacity ("RFC"), education, and work experience to determine whether the plaintiff is capable of adjusting to and performing work that exists in substantial numbers in the national economy. *See* 20 C.F.R. § 404.1563(a) (2010); *Flores v. Astrue*, No. 5:09-cv-214-C-BG, 2010 WL 3858173, at *2 (N.D. Tex. Aug. 30, 2010), *rec. adopted*, 2010 WL 3856435 (N.D. Tex. Oct. 4, 2010). The ALJ may consult the Grid Rules to determine whether, given the plaintiff's vocational characteristics, work exists in the national economy that the claimant can perform. *See Heckler v. Campbell*, 461 U.S. 458, 461-62 (1983). Located in the Commissioner's regulations at appendix 2 of part 404, the Grid Rules consist of rules

---

[1] By recommending that the Court remand this case for further administrative proceedings, the undersigned does not suggest that Plaintiff is or should be found disabled.

7

that direct a finding of disability when the plaintiff's RFC, age, education, and previous work experience correspond to the job requirements under a particular rule. *See* 20 C.F.R., pt. 404, subpart P, app. 2. When a claimant suffers only from exertional impairments or her non-exertional impairments do not significantly affect her RFC, the ALJ may rely exclusively on the Grid Rules in determining whether there is other work available that the claimant can perform. *See* 20 C.F.R. § 404.1569 & pt. 404, subpart P, app. 2; *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

There are there are two exceptions to these general principles. First, even when a claimant has a nonexertional impairment, the ALJ may rely exclusively on the Grid Rules to determine whether work exists in the national economy that the claimant can perform if the ALJ determines that the nonexertional impairment does not significantly affect the claimant's RFC and if substantial evidence supports that determination. Second, even when a claimant's RFC is so significantly affected by a nonexertional impairment as to preclude resort to the Grid Rules for a disability determination, the Grid Rules may nevertheless be consulted as a "framework for consideration of how much the individual's work capability is further diminished in terms of any types of jobs that would be contraindicated by the nonexertional limitations." *Nobles v. Comm'r of Soc. Sec. Admin.*, No. 9-00-cv-128, 2002 WL 553735, at *4 (E.D. Tex. Apr. 10, 2002) (quoting 20 C.F.R. pt. 404, subpt. P, app. 2, § 200.00(§e)(2)(2001)). In this case, the ALJ professed to applying both exceptions.

8

At step two, the ALJ found that Plaintiff suffers from the severe impairments of left hand injury and hypertension. *See* Tr. at 33. Plaintiff sustained an on-the-job injury to her dominant left hand. *See id.* at 51-52, 54.

At step four, the ALJ found that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. 404.1567(b) plus the ability to frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl and to occasionally climb ladders, ropes, and scaffolds. But the ALJ found that Plaintiff was limited to occasionally handling and fingering with the left hand with no restrictions with the right hand. *See id.* at 37. Relying on this RFC assessment, the ALJ found that Plaintiff was not able to perform her past relevant work as a sandwich maker, hamburger maker, or health aide. *See id.* at 38.

At step five, the ALJ found that "the additional limitations [of holding and fingering] have little or no effect on the occupational base of unskilled light work. A finding of 'not disabled' is therefore appropriate under the framework of [Grid Rule 202.18]." *Id.* at 39. The ALJ also agreed with the assessment of a vocational consultant in a Sequential Vocational Guide that Plaintiff could perform a wide range of medium work and that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform – specifically, work ticket distributor, flagger, and fruit distributor. *See id.* at 39, 185. There was no vocational expert testimony at the administrative hearing.

It is the ALJ's burden at step five to show that a claimant is capable of performing other gainful employment in the national economy. *See* 20 C.F.R. §

9

404.1520(a)(4)(I); *Greenspan*, 38 F.3d at 236. Because the manipulative limitations found by the ALJ – holding and fingering – are classified as non-exertional limitations, *see* SSR 96-9P, 1996 WL 374185, at *5 (1996), the ALJ's decision that Plaintiff can perform available, alternative employment must be supported by substantial evidence, *see Allsbury v. Barnhart*, 460 F. Supp. 2d 717, 721 (E.D. Tex. 2006). Typically, the ALJ satisfies this burden in one of two ways. *See Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987); *Allsbury*, 460 F. Supp. 2d at 721. The first way is for the ALJ to receive testimony from a vocational expert ("VE") or consider similar vocational resource evidence. *See Allsbury*, 460 F. Supp. 2d at 721. The second way is for the ALJ to consult the Grid Rules. *See id.*

Both the vocational consultant and the ALJ claimed to use the Grid Rules as a framework. According to the program policy statement for using the Grid Rules as a framework for evaluating the effects of a combination of exertional and non-exertional limitations, "many unskilled light jobs do not entail fine use of the fingers. Rather, they require gross use of the hands to grasp, hold, and turn objects. Any limitation on these functional abilities must be considered very carefully to determine its impact on the size of the remaining occupational base of a person who is otherwise found functionally capable of light work." SSR 83-14, 1983 WL 31254, at *4 (1983). The loss of fine manual dexterity narrows the sedentary and light ranges of work, and the varying degrees of loss which can occur may require the ALJ to have the assistance of a vocational specialist. *See* SSR 85-15, 1985 WL 56857, at *7 (1985).

The ALJ stated, without explanation, that using Grid Rule 202.18 as a framework supports a finding that Plaintiff is not disabled because he found that the additional limitations as to occasional handling and fingering have little or no effect on the occupational base of unskilled light work. The ALJ's decision then states that the ALJ also agrees with the findings of a vocational consultant who concluded that Plaintiff is able to perform representative occupations that are within her RFC. *See* Tr. at 39, 185.

On February 24, 2012, vocational consultant Madeline Henshaw prepared a Sequential Vocational Guide. The vocational consultant found that Plaintiff could perform a wide range of medium work. Using Grid Rule 202.18 as a framework, the vocational consultant concluded that Plaintiff could perform the jobs of work ticket distribution, DOT 221.667-010; flagger, DOT 372.667-026; and fruit distribution, DOT 372.667-026. *See id.* at 185.

The United States Court of Appeals for the Fifth Circuit has not specifically considered whether a Sequential Vocational Guide completed by a state vocational consultant constitutes "other similar evidence." *See Kern v. Colvin*, No. 3:14-cv-437-BH, 2015 WL 1344761, at *10 (N.D. Tex. Mar. 25, 2015). To determine whether the Dictionary of Occupational Titles is "other similar evidence," the Fifth Circuit compared the information that it provided to the information provided by a VE and concluded that the DOT was not "other similar evidence" because it differs from vocational expert testimony in many ways. *See id.* (discussing *Fields v. Bowen*, 805 F.2d 1168, 1171 (5th Cir. 1986) and quoting *Carey v. Apfel*, 230 F.3d 131, 141 (5th Cir.

11

2000) ("the DOT is not comprehensive ... [and] 'the value of a vocational expert is that he [or she] is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed.'")).

Likewise, the Sequential Vocational Guide differs from vocational expert testimony in many ways. It does not define work ticket distributor, flagger, or fruit distributor as medium jobs, does not "'describe the skills or qualifications needed for those positions,'" and does not "'identify the unique requirements of the positions.'" *Kern*, 2015 WL 1344761, at *10 (quoting *Fields*, 805 F.3d at 1171). Nor does it consider the effect of Plaintiff's non-exertional limitations of occasional holding or fingering with the left hand on the jobs that the vocational consultant found Plaintiff could perform, whether those jobs may be performed by someone with limited use of one hand, or whether they require bilateral handling and fingering. In contrast, a VE is "'familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed'" and is "'able to compare all the unique requirements of a specific job with the particular ailments a claimant suffers in order to reach a reasoned conclusion whether the claimant can perform the specific job.'" *Id.* at *9 (quoting *Fields*, 805 F.3d at 1171).

For all these reasons, the undersigned concludes that "'[l]ike the DOT, the Sequential Vocational Guide is therefore not 'other similar evidence' that may be used in place of VE testimony to establish the existence of other work in the national economy that Plaintiff could perform." *Id.* at *10.

12

Furthermore, even if it is "other similar evidence," the Sequential Vocational Guide noted that the Plaintiff's RFC limitation was exertional only and did not specify what limitations the vocational consultant considered in reaching her conclusion. It did not fully incorporate Plaintiff's RFC and impairments before concluding that Plaintiff could perform the jobs of work ticket distributor, flagger, and fruit distributor. The vocational consultant found Plaintiff capable of performing a wide range of medium work, but the ALJ found Plaintiff capable of performing only a limited range of light work. Thus, the ALJ disagreed with the RFC finding that it had incorporated.

In essence, by relying on the vocational consultant's opinion, the ALJ based his decision on a defective hypothetical question. And a hypothetical question posed by an ALJ to a VE must reasonably incorporate all the claimant's disabilities recognized by the ALJ. *See Boyd v. Apfel*, 239 F.3d 698, 707 (5th Cir. 2001) (quoting *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994)); *Kern*, 2015 WL 1344761, at *10.

Defendant argues that these failures are not prejudicial because the jobs identified by both the vocational consultant and ALJ are classified as light work and do not require bilateral handling or fingering. But, even if that may be true, this response fails to address the effect of Plaintiff's non-exertional limitations on her ability to perform those jobs. Without testimony from a vocational expert or other similar evidence, the ALJ's findings that Plaintiff's non-exertional limitations have little or no effect on the occupational base of unskilled light work and that she could perform other available jobs are not supported by substantial evidence. *See Scott v. Shalala*, 30 F.3d 33, 35 (5th Cir. 1994) (when a claimant has a nonexertional factor

13

that limits the range of jobs a claimant can perform, the ALJ cannot rely on the Grid Rules and must rely on vocational expert testimony to establish that jobs exist.).

The ALJ erred by relying on the Grid Rules at step five to determine that there were a significant number of jobs existing in the national economy that Plaintiff could perform, *see Lockett v. Colvin*, No. 4:12-cv-221-Y, 2013 WL 4854529, at *8 (N.D. Tex. Aug. 23, 2013) (remanding because ALJ stated he used grid rules as a framework, but there was no meaningful explanation for ALJ's statement that he used grid rules as a framework and no other source supported it), and the ALJ's finding that Plaintiff's impairments do not significantly affect her residual functional capacity are not supported by substantial evidence, *see Kern*, 2015 WL 1344761, at *10 (reliance on Sequential Vocational Guide does not meet substantial evidence burden).

These errors were not harmless, where, because the ALJ failed to consult a VE or utilize other similar evidence to develop the record, there is no evidence that Plaintiff's limitations have been incorporated into the jobs that she could perform. The ALJ's decision that Plaintiff could perform other work without consulting a VE or other similar evidence therefore affected Plaintiff's substantial rights. *Accord Kern*, 2015 WL 1344761, at *13.

Accordingly, the undersigned recommends that the hearing decision be reversed and remanded. Because this error alone is enough to require remand, the Court need not consider Plaintiff's second argument that the ALJ's failure to find a severe mental impairment is not supported by substantial evidence.

**Recommendation**

The hearing decision should be reversed, and this case remanded to the Commissioner of Social Security for further proceedings consistent with these findings and conclusions.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 25, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE